IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **YAKENSKI STEVENS,** : | |
| : | |
| Petitioner, : | **CASE NO:** |
| v. : | **1:24-cv-84–WLS-ALS** |
| : | |
| **WARDEN JOSHUA JONES,** : | |
| : | |
| Respondent. : | |

## **ORDER**

Before the Court is the Report and Recommendation (Doc. 33) ("Recommendation") filed September 22, 2025, by United States Magistrate Judge Alfreda L. Sheppard. Therein, Judge Sheppard recommends that (1) Respondent's Motion to Dismiss Petition as Untimely (Doc. 21) ("Motion to Dismiss") be granted, (2) Petitioner Yakenski Steven's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) be dismissed as untimely, and (3) three motions (Docs. 25, 31, 32) filed by Petitioner going to the merits of his Petition for Writ of Habeas Corpus be denied.

Judge Sheppard notified the parties that they had fourteen days within which to file an objection to the Recommendation. Neither party did so. (*See* Doc. 33 at 6–7 & Docket). Thus, the Court reviews the Recommendation for clear error.[1]

**I.   DISCUSSION**

The Court has thoroughly considered the Respondent's Motion to Dismiss, the Petitioner's response thereto (Doc. 28), and the Recommendation. The Court agrees with Judge Sheppard's calculation of the deadline within which Petitioner was required to file his

---

[1] 28 U.S.C. § 636(b) provides that "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b); FED. R. CIV. P. 72. If no timely objections are filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citation omitted)).

1

federal habeas petition under 28 U.S.C. § 2244(d)(1). The Court finds that as Petitioner waited until Tuesday, April 30, 2024, to file his Petition for habeas relief, which was due no later than Monday, April 1, 2024, the Petition for Writ of Habeas Corpus is untimely.

Upon full review and consideration of the record, the Court finds no clear error, and that Judge Sheppard's Recommendation (Doc. 33) should be, and hereby is, **ACCEPTED, ADOPTED,** and made the Order of this Court for the reason of the findings made and reasons stated therein. Accordingly, Respondent's Motion to Dismiss Petition as Untimely (Doc. 21) is **GRANTED**, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**, and Petitioner's Motion to Admit Documentary Evidence as Exhibit for Petitioner Habeas Petition (Doc. 25), Motion for Prosecutorial Misconduct (Doc. 31), and Motion for Relief from Judgment and Motion for Judgment on the Pleadings (Doc. 32) are **DENIED**.

## II.   CERTIFICATE OF APPEALABILITY

A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, the applicant must show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner failed to file an objection to Judge Sheppard's Recommendation of the denial of a certificate of appealability. After reviewing the record, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Therefore, the Court agrees with Judge Sheppard's Recommendation and **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this 12th day of January 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**